# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-718V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| STEVEN PANCOAST, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: November 16, 2016 |
| | * | |
| v. | * | Decision; Attorney's Fees and Costs. |
| | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for Petitioner.

*Sarah C. Duncan*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On July 10, 2015, Steven Pancoast filed a petition seeking compensation under the National Vaccine Injury Compensation Program, alleging, among other things, that the influenza ("flu") and Tetanus-diphtheria-acellular pertussis ("Tdap") vaccines he received on November 20, 2012, caused his subsequent development of brachial neuritis.[2] ECF No. 1.

---

[1]  Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Thereafter, the parties entered into informal settlement negotiations, and requested issuance of a "15 Week" Order, and I did so. ECF No. 17. The parties then filed their stipulation for an award of $172,667.50 in damages, as well as an amount sufficient to purchase an annuity contract, on August 17, 2016 (ECF No. 20), which I adopted as my decision granting damages on August 19, 2016. ECF No. 21.

Petitioner has now filed a motion for a final award of attorney's fees and costs, dated September 14, 2016. *See* ECF No. 25 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the amount of $46,045.76[3] (representing attorney's fees in the amount of $39,281.50, plus costs in the amount of $6,764.26). *Id*. In addition, and in compliance with General Order No. 9, Petitioner represents that he incurred no litigation-related expenses in conjunction with this proceeding. *Id*.

Respondent filed a brief reacting to Petitioner's fees request on October 3, 2016. ECF No. 27 ("Response"). Respondent asserted that the requested hourly rates for Petitioner's counsel reflect forum rates, to which Petitioner's counsel, the law firm of Black McLaren Jones Ryland & Griffee ("Black McLaren"), is not entitled. *Id*. at 1. Instead, Respondent argued that Petitioner's counsel should receive the hourly rate awarded to attorneys in Memphis, Tennessee, because all of counsel's work was performed outside the forum of Washington, DC, and because the hourly rate in Memphis is substantially lower than the forum rate.[4] *Id*. at 2-3. As proof of the local hourly rate, Respondent relied on the lower hourly rates Black McLaren attorneys have accepted in past cases, several cases awarding lower hourly rates from the Western District of Tennessee (in which Memphis is located), and the 2014 Real Rate Report which suggests attorney rates based on location, experience, practice area, and firm size. *Id*. at 4-5. Respondent argued that these lower rates were more appropriate than the forum rates Petitioner requests.

Aside from the appropriate hourly rate, Respondent also noted that the amount of reasonable attorney's fees is within the special master's discretion. *Id*. at 12. Though she did not take issue with the majority of the billing entries, she specifically alleged that Petitioner's request for full compensation of travel time to and from a client meeting was overbilled and should be reduced. *Id*. Respondent ultimately maintained that a reasonable amount for fees and costs in the

---

[3] This sum includes the additional $1,063.88 requested in Petitioner's Reply to the Response, incurred in connection with filing the reply brief, plus additional work performed after filing the initial fees request. ECF No. 28 at 5.

[4] Respondent relied on the *Davis County* exception set forth in *Avera* to support this argument. *Avera* established the "forum rule," which awards Vaccine Program attorneys the same hourly rates paid to attorneys with similar experience in the forum (here, Washington, DC). *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). The *Davis County* exception to the forum rule applies if the bulk of the attorney's work was performed outside of Washington, DC, in a location where prevailing hourly rates are substantially lower than the forum rate. *Id*. at 1349 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

present case would fall between $25,000.00 and $39,000.00, but provided no cases or support for this range. *Id.*

On October 13, 2016, Petitioner filed a reply. ECF No. 28 ("Reply"). Petitioner argued that counsel is in fact entitled to the forum rate, because the local rate is not very significantly different from the forum rate. *Id.* at 1-2. He also noted that any hourly rates Petitioner's counsel had agreed to in the past were mostly the result of stipulation, and were therefore not a concession as to counsel's reasonable hourly rate. *Id.* Petitioner took issue with the Western District of Tennessee cases, as well as the 2014 Real Rate Report, because the rates contained therein were not adjusted for inflation before comparing them to the 2015 forum rates, and thus were not an accurate reference for the local rate. *Id.* at 2-3. Further, Petitioner noted that Respondent made no attempt to show how the cited cases compared to the type of litigation and attorney experience in this matter. *Id.*

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera*, 515 F.3d at 1348 (citing *Davis Cty.*, 169 F.3d at 758) (creating the *Davis Cty.* exception that determines when an attorney should receive local hourly rates instead of forum rates). The hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate in Vaccine Program cases are set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[5]

This matter was handled by several Black McLaren attorneys. For Mr. Michael McLaren's work on this matter, Petitioner requests $395 per hour for work performed in 2014; $410 per hour for 2015 work; and $425 per hour for 2016 work. Fees App. at 9. For Mr. William Cochran Jr., Petitioner requests $335 per hour for 2014 work; $345 per hour for work performed in 2015; and $355 per hour for 2016. *Id.* For Mr. Chris Webb, Petitioner requests $285 per hour for 2014 work; $295 per hour for 2015; and $305 per hour for 2016. *Id.* Petitioner requests reimbursement for work performed by law clerks at the rate of $140 per hour for 2014; $145 per hour for 2015; and $150 per hour for 2016. *Id.* Finally, for paralegal work, Petitioner requests $130 per hour for 2014; $135 per hour for 2015; and $140 per hour for 2016. *Id.*

---

[5] The *McCulloch* forum rate ranges have recently been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claims website. The forum hourly rate fee schedule can be accessed at: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

Attorneys located at Black McLaren have recently been found by other special masters to be entitled to forum hourly rates. *See Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, slip op. (Fed. Cl. Spec. Mstr. Nov. 4, 2016). In *Henry*, Chief Special Master Dorsey examined cases from the Western District of Tennessee to determine the appropriate local hourly rate for Memphis, as well as Black McLaren's current local hourly rates for non-complex general litigation. *See id.* at 8-9. Those rates were then adjusted before comparing the Memphis hourly rates to the forum rates in DC. *Id.* at 8. Based on this examination, the special master found that the local rates were consistent with the forum rate ranges for 2015, and Black McLaren attorneys should receive forum rates. *Id.* at 12.

I find the reasoning of *Henry* persuasive, and I will therefore adopt it herein in my fee award. It is thus appropriate to apply the *McCulloch* forum rate ranges to the work performed by Mr. McLaren, Mr. Cochran, Mr. Webb, and the law clerks and paralegals.

According to Petitioner's fees request, Mr. McLaren has over 40 years of experience. Fees App. at 16. The forum rate range for an attorney with more than 31 years of experience in practice for 2015-2016 is $385-$430. *McCulloch*, 2015 WL 5634323, at *19. Mr. Cochran has over 14 years' experience. Fees App. at 18. The forum rate range for an attorney with similar experience is $300-$375 per hour. *McCulloch*, 2015 WL 5634323, at *19. Mr. Webb has almost 9 years of experience. Fees App. at 21. The forum rate range for an attorney with 8 to 10 years' experience is $275-$350 per hour. *McCulloch*, 2015 WL 5634323, at *19. The requested hourly rates above are thus within these applicable ranges, and will therefore be awarded. The requested rates are also in line with those recently awarded to Black McLaren attorneys. *See Henry*, No. 15-545V, at 12 (awarding 2016 hourly rates of $425 to Mr. McLaren; $355 to Mr. Cochran; $305 to Mr. Webb; and $150 to paralegals). The requested rates for law clerks and paralegals are likewise consistent with *McCulloch* rates, and will not be adjusted. *Id.* at *21.

The majority of the hours expended on this matter (123.5 hours in total) were also reasonable. The time it took to resolve the case was not unusually long, and was largely a result of the parties' damages negotiations. Fees and costs associated with settlement are properly reimbursable. *Thomas v. Sec'y of Health & Human Servs.*, No. 92-46V, 1997 WL 74664, at *7 (Fed. Cl. Spec. Mstr. Feb. 3, 1997) (rejecting Respondent's assertion that the fees and costs should necessarily be lower when a case settles without hearing).

In addition, Respondent's suggested range is not persuasive under these circumstances. Petitioner's counsel promptly collected the majority of the necessary records in the year prior to filing the case, and after filing a few additional records that Respondent deemed necessary, Petitioner and Respondent agreed to enter into informal settlement negotiations. The overall

amount of hours spent on this case appears reasonable, and will not be reduced solely to fit a suggested range, especially absent other grounds for a reduction.

Respondent's only specific objection to any of the billing entries relates to counsel's travel from Memphis to Virginia Beach to meet with Petitioner. Response at 12 n.13. Respondent alleged that the common practice in the Program is to compensate hours spent traveling at one-half the normal hourly rate. However, the fact that an attorney is traveling is not dispositive of how to treat such attorney time. *See, e.g.*, *King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2524564, at *4 (Fed. Cl. Spec. Mstr. July 27, 2009); *Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009). In some situations, an award of full attorney's fees for travel is appropriate if sufficient documentation exists specifying the work performed while traveling. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

Here, the billing invoices list two entries for traveling to and from a meeting with Petitioner, and one entry reflecting the actual time spent meeting with Petitioner on October 15, 2015. ECF No. 25-2 at 6. While the common practice is to compensate this time at one-half the normal rate, these entries, along with Petitioner's fees application, give sufficient documentation of the work performed while traveling. *See id.*; Fees App. at 10. The billing entries show that Petitioner's counsel prepared for the meeting during the flight to Virginia Beach, and reviewed the meeting notes and developed a plan for completing damages valuation on the return flight. ECF No. 25-2 at 6. Further, Petitioner's counsel affirmed that he habitually works on a case while traveling by plane, and did so in this matter. Fees App. at 10. Thus, the time entries sufficiently reflect work performed during the travel time and merit full compensation under Program standards.

As noted above, Petitioner additionally requests an award of litigation costs for counsel of $6,764.26, reflecting payments for medical records, filing fees, and travel-related. ECF No. 25-2 at 14; ECF No. 28-2 at 1-2. Respondent has offered no specific objections to these costs, and upon review of the record I find that they are reasonable.

Accordingly, based on the reasonableness of Petitioner's request, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$46,045.76** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. William E. Cochran, Jr., Esq., representing $39,281.50 in attorney's fees and $6,764.26 in costs.

The clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.